UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**INDRANIE SANICHAR,**

      **Plaintiff,**

v.                                                                                               Case No.  8:06-cv-226-T-TBM

**THOMAS CLIFTON BEASLEY and
APS EXPRESS, INC.,**

      **Defendants.**
_____/

**O R D E R**

THIS CAUSE is before the court on the **Defendants' Motion in Limine/Objections to Deposition Testimony of Dr. Judith Giezhals** (Doc. 62) and Plaintiff's response in opposition (Doc. 65), as amended (Doc. 68). By their motion, Defendants seek an order limiting the scope of Dr. Giezhals's testimony at trial to that of a treating physician, excluding as speculative any testimony concerning the need for future psychological care, and excluding testimony by the witness of complaints or statements by Plaintiff concerning her physical condition on grounds that the same is hearsay, speculative, without foundation and unfairly prejudicial.[1]

---

[1] Dr. Geizhals was Plaintiff's treating psychologist. To the extent disclosures were made concerning her testimony, they consisted of copies of her office notes and records, and a designation of her likely testimony. Defendants incorporate the argument made in connection with other treating doctors alleging Rule 26 violations as a basis for exclusion of the evidence. They also seek to limit speculation by the witness on matters related to future care. Further, upon deposition, the witness testified to several statements or complaints from Plaintiff concerning her medical condition. Defendants contend many of these statements were inaccurate or incomplete  They object to testimony by Dr. Geizhals concerning Plaintiff's medical condition which they contend is unreliable, hearsay, duplicative, unfairly prejudicial, and confusing. Similarly, they object to the witness recounting Plaintiff's stated fears and concerns as facts. They seek to strike these specific portions of the testimony.

For the reasons that follow, the motion is **GRANTED in part and DENIED in part**. Insofar as Defendants complain about the sufficiency of Plaintiff's disclosure under Rule 26, this objection is overruled. When all the circumstances of the proceedings are considered, Defendants have been adequately and timely advised of Plaintiff's position with respect to her damages, including her intention to seek the costs of future psychological care. They have known of Dr. Geizhals' care and her likely role in the litigation for a considerable period of time. Plaintiff's disclosures concerning this psychologist were consistent with the requirements of Rule 26 where treating doctors are the experts. The witness's office notes and records were provided and by subsequent designation, Plaintiff notified Defendants that the witness would testify about Plaintiff's psychological injuries, treatment received, *future treatment needed, and permanent injury and impairment*. In my view, the disclosure and designations were adequate under Rule 26 and the witness's deposition testimony is fairly within this designation, based as it is on the witness's expertise and treatment of Plaintiff.[2] These objections are overruled.

As for Defendants' objections to the witness testifying to the need for future psychological care as speculative, the objection is overruled. The witness has a doctorate degree in psychology and twenty-four years experience and there is simply no demonstration that she is unqualified to render an opinion on the matter of future psychological care. Her rationale for such opinions, such as it is, is set forth and it is not entirely implausible. The portions of her testimony cited by the Defendants clearly suggest that their objections goes to the weight to be given to the witness's testimony rather than its admissibility.

---

[2]At the pretrial conference, the court suggested that if the Defendants were truly surprised by the testimony of Plaintiff's treating doctors then the more appropriate remedy to the exclusion of their testimony might be a delay in the trial to permit the Defendants to adequately prepare for the testimony. Such relief was not requested by counsel who candidly advised the court that the Defendants had their experts to counter Plaintiff's witnesses.

As for Defendants' specific objections to the witness recounting matters related to Plaintiff's medical condition or her fears and concerns,[3] the objections are sustained in part. The testimony at page 23, line 19 through page 24, line 2 is excluded if for no other reason than under Fed. R. Evid. 403 as it is hearsay and appears unreliable, confusing and likely misleading to the jury. The further testimony on page 24 at lines 3- 20 is likewise excluded. While the precedent question at lines 3-5 appears appropriate, the answer is nonresponsive and appears to gratuitously incorporate inadmissible hearsay unrelated to any testimony about the treatment. Defendants seek to also exclude their cross-examination prompted by the testimony. The testimony at page 29, line 10 through page 30, line 4 and page 30 at line 15, beginning with "My understanding, and it made sense to me . . ." through line 19 is likewise excluded.

As for the balance of the specific objections, they are overruled. The testimony appears to be related to matters told to the witness by Plaintiff for purposes of her treatment or otherwise to reflect the professional opinions or inferences of the witness. As the court understands it, the Plaintiff will testify live before the jury and Defendants will have a full opportunity to cross-examine her. In the circumstances, the better approach is to permit the testimony subject to cross-examination and subject to an appropriate curative instruction if requested by a party.

**Done and Ordered** at Tampa, Florida, this 30th day of March 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

---

[3] See (Doc. 62 at 3, n.2 and 4, n.3).